AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SALITA ST. SIMON<br><br>Defendant(s) | )<br>)<br>)  Case No.  13-8066-JMH<br>)<br>)<br>) |

FILED by _____ D.C.

FEB - 7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  1/22/2013  in the county of  Palm Beach  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1028(a)(7) | fraud in connection with identification information |

This criminal complaint is based on these facts:
see attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Michael Degnan
Printed name and title

Sworn to before me and signed in my presence.

Date:  02/07/2013

_____
Judge's signature

City and state:  West Palm Beach, Florida     James M. Hopkins, U.S. Magistrate Judge
Printed name and title

## Affidavit in Support of Criminal Complaint

I, Special Agent Michael Degnan, being duly sworn, depose and state as follows:

1.     I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for twenty years. I have been personally involved in the investigation of this matter. I am fully aware of the facts and circumstances set forth below, based on interviews I conducted, documents I have reviewed, and conversations I have had with others, including other law enforcement agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not attempted to include all the facts I learned in connection with this investigation. Where I have reported the contents of documents or the actions or statements of others, I have reported those matters in substance and in part, except as otherwise indicated.

2.     The Palm Beach County Health Department ("PBCHD") is a government organization which provides health care services to residents of Palm Beach County, Florida. These services include disease prevention and control, health education, and primary care to the medically indigent population of Palm Beach County.

3.     At all times relevant to this complaint, SALITA ST. SIMON, the defendant, was employed as a Senior Clerk at the PBCHD's office located at 38754 State Road 80, Belle Glade, Florida. In her position as Senior Clerk, ST. SIMON's job responsibilities included scheduling patient appointments, registering patients when they arrive at the facility, and researching health insurance coverage of patients. Based on the nature of her position, ST. SIMON had access to the PBCHD's computer system. A Dell desktop computer, which is the property of the PBCHD, was located at ST. SIMON's workstation for ST. SIMON to utilize in conducting her normal job functions.

4.     Beginning in or about January 7, 2013, I have spoken on several occasions with representatives of the PBCHD regarding allegations that SALITA ST. SIMON, the defendant, was improperly removing patient identifying information from the PBCHD and providing this information to associates. I conducted several witness interviews of individuals who stated that other people told them that ST. SIMON was stealing patient information and distributing this information without authority of the PBCHD. The individuals I interviewed did not have first-hand knowledge of ST. SIMON's activities.

5.     Based on the information provided to me by representatives of the PBCHD, I began a criminal investigation of the defendant, SALITA ST. SIMON.

6.     The Health Management System (HMS) is a computerized database within the Florida Department of Health (FDOH) which contains patient identifying information including names, dates of birth, and social security numbers. The HMS database is utilized by the PBCHD. SALITA ST. SIMON, the defendant, had access to the HMS database in her role as a Senior Clerk at the PBCHD.

7.     On January 22, 2013 I was contacted by a representative of the PBCHD who advised me that an Administrator at the Belle Glade office had confiscated a list of patient names and identifying information from the workstation of SALITA ST. SIMON, the defendant, earlier that

day. Through a subsequent interview of the Administrator, I learned that this list was 23 pages long and contained information which included names, dates of birth, social security numbers and medical record numbers.

8. On January 22, 2013, I proceeded to the PBCHD office in Belle Glade with another Special Agent of the FBI and conducted an interview of the defendant, SALITA ST. SIMON. During this interview, ST. SIMON acknowledged that she had been stealing patient's identifying information from the PBCHD for approximately one year and had provided this data to several acquaintances so they could obtain tax refunds from the IRS. ST. SIMON stated she accessed the patient data through the computer at her work station utilizing the HMS database. In obtaining this information, ST. SIMON queried the HMS database for patient dates of birth which fell within a specific time period. As an example, ST. SIMON stated that the list which was confiscated from her desk earlier in the day was generated after she queried the HMS database for any patients who had a date of birth between January 1 and January 16, 1994.

9. After the defendant, SALITA ST. SIMON, received the results of the queries she performed through the HMS database, she copied and pasted the information to a Microsoft Word document at the computer located in her workstation. ST. SIMON then printed these lists and subsequently provided these lists to her associates. ST. SIMON acknowledged that the list confiscated from her desk earlier in the day was generated by her with the intention that she would give it to one of her acquaintances at a future date. ST. SIMON further stated that she had several lists at her home which she planned to provide to her acquaintances at a future date. ST. SIMON agreed to provide these lists to me following the conclusion of the interview.

10. SALITA ST. SIMON, the defendant, estimated that she provided more than 2,800 patient names and identifying information to her acquaintances over the past year.

11. After the conclusion of the interview, I drove SALITA ST. SIMON, the defendant, to her residence along with another Special Agent of the FBI. ST. SIMON entered her residence while I remained in the FBI vehicle with the other FBI Special Agent. After a few minutes, ST. SIMON returned to the FBI vehicle and provided me a folder containing numerous documents listing names and identifying information. I subsequently determined there were 61 pages of names, dates of birth, and social security numbers on these documents.

Michael Degnan
Special Agent, FBI

Sworn to and Subscribed before me this 7 day of February, 2013.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-8066-JMH

UNITED STATES OF AMERICA

vs.

SALITA ST. SIMON

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: /s/ Marc Osborne
Marc Osborne
Assistant United States Attorney
Court ID# A5500796
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1014
marc.osborne@usdoj.gov